UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| STEPHANIE HEATON, }<br>ON BEHALF OF HERSELF AND }<br>ALL OTHERS SIMILARLY SITUATED, }<br>**}**<br>Plaintiff, }<br>v }<br>}<br>FINANCIAL RECOVERY SERVICES, INC., }<br>CACH, LLC, SHERMAN FINANCIAL GROUP LLC, }<br>AND RESURGENT CAPITAL SERVICES L.P., }<br>}<br>Defendants. } | Civil Action, File No. |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Stephanie Heaton [hereinafter "Heaton"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendants, Financial Recovery Services, Inc. [hereinafter "FRS"], CACH, LLC [hereinafter "CACH"], Resurgent Capital Services L.P. (Resurgent), and Sherman Financial Group LLC, collectively, individually and in any combination known as Defendants, and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendants' regular transaction of business within this district. Venue in this district also is proper based on one or more Defendants possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. Defendants also derive substantial revenue from services rendered in this district. The aforementioned

      transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Heaton is a natural person who resides at 23 Edwards Road, Mastic Beach, NY  11951.

6. Heaton is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about October 11, 2017, FRS, on behalf of CACH, sent Heaton the letter annexed as Exhibit A.  Heaton received and read Exhibit A.  For the reasons set forth below, Heaton's receipt and reading of Exhibit A deprived Heaton of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, FRS, on behalf of CACH sent Exhibit A to Heaton in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card account by WebBank for her individual use, individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, failing to pay for these charges.  FRS, via Exhibit A, on behalf of CACH, attempted to collect this past due debt from Heaton in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account.

10. Based on the above, the past due debt at issue in Exhibit A arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11. FRS is a Minnesota Business Corporation and a New York Foreign Business Corporation

with a principal place of business located 4510 W. 77th Street, Ste. 200, Edina, MN  55435.

12. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.

13. FRS possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

14. On Exhibit A, FRS sets forth that it is a debt collector attempting to collect a debt.  Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

15. Based upon Exhibit A and upon FRS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of FRS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

16. Based upon the allegations in the above three paragraphs, FRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

17. CACH is a Colorado Limited Liability Company and a New York Foreign Limited Liability Company.

18. CACH's primary business consists of the purchases of defaulted debts due from consumers from entities which currently own the defaulted debts and then, via agents, attorneys, and/or third-party debt collectors, attempting to collect these defaulted debts from consumers.

19. As revealed from a search of the New York State Unified Court System eCourts website

("eCourts"), on a consistent and regular basis over a period of numerous years through the present CACHs has been the plaintiff in numerous consumer debt collection lawsuits where the lawsuit alleged that CACH became the owner of the debt from the original creditor.

20. The aforementioned consumers include New York City residents.

21. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency". Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes debt buyers but excludes creditors. Under Section 20-489 of the New York City Administrative Code, a "Debt Collection Agency" is defined as follows: "…shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt.".

22. CACH possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

23. Based upon Exhibit A and the above allegations, the principal purpose of CACH is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and therefore, CACH is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

24. Resurgent is a Delaware Limited Partnership and a New York Foreign Limited Partnership.

25. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection

Agency License from the New York City Department of Consumer Affairs. Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency". Pursuant to New York City Local Law No. 15, a Debt Collection Agency includes debt buyers but excludes creditors. Under Section 20-489 of the New York City Administrative Code, a "Debt Collection Agency" is defined as follows: "…shall also include a buyer of delinquent debt who seeks to collect such debt either directly or through the services of another by, including but not limited to, initiating or using legal processes or other means to collect or attempt to collect such debt.".

26. Resurgent possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

27. On its website, Resurgent describes itself as follows:

> "Resurgent Capital Services is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers. We manage accounts across the credit spectrum including performing accounts, sub- and non-performing accounts, secured accounts, and unsecured accounts. Our offices are located in Greenville, SC and Cincinnati, OH. As a loan servicer and licensed collection agency, we may perform collection activities on accounts directly, or we may outsource the recovery activities to other independently owned collection agencies and law firms."

28. Based upon the above allegations, the principal purpose of Resurgent is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.; and therefore, Resurgent is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

29. Sherman is a Delaware Limited Liability Company and a New York Foreign Limited Liability Company.

30. A debt collector as defined by the FDCPA, 15 U.S.C. § 1692b(6), is a "person who uses any

instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." The FDCPA itself does not define the word "person"; but the Dictionary Act's definition of a person expressly includes "corporations" and "companies".  See 1 USC 1.

31. Sherman wholly owns numerous subsidiaries such as CACH and Resurgent which are a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.  Upon information and belief, Sherman directs and/or requires and/or allows Sherman's wholly owned "debt collectors" subsidiaries to carry out collection efforts on Sherman's behalf and for the sole benefit of Sherman; Sherman always possesses the beneficial interests in the collection accounts which Sherman's wholly owned "debt collectors" attempt to collect.

32. Based on the above, the principal purpose of Sherman is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

33. Based on the above, Sherman is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

34. Upon information and belief, CACH and/or Resurgent issued work standards, directives, and/or guidelines to FRS which contained instructions, controls, and rules governing the steps FRS could and could not take to attempt to collect debts including the contents of debt collection letters such as Exhibit A.

35. Upon information and belief, Resurgent, a "debt collector", actively participates in and/or controls and/or supervises the entire process of attempting to collect the debts held in the

name of CACH including the selection and supervision and continuous evaluation of the effectiveness of collections agencies such as FRS.

36. CACH and Resurgent are wholly owned subsidiaries of Sherman.

37. Upon information and belief, Sherman, a "debt collector", directs and/or requires and/or allows Sherman's wholly owned subsidiaries such as CACH and Resurgent to carry out collection efforts on Sherman's behalf and for the sole benefit of Sherman; Sherman always possesses the beneficial interests in the collection accounts which CACH and Resurgent attempt to collect in the name of CACH; and Sherman directly actively participates in and/or controls and/or supervises the entire process of attempting to collect the debts held in the name of CACH including the selection and supervision and continuous evaluation of the effectiveness of collections agencies such as FRS. For the above reasons, Sherman is vicariously liable for the actions of CACH, Resurgent, and FRS.

38. All the actions alleged in this Complaint taken by FRS were taken by FRS as the "debt collector" and/or agent for the "debt collector" CACH, Resurgent, and Sherman.

39. Based on the allegations in the above five paragraphs, CACH, Resurgent, and Sherman are vicariously liable for the actions of FRS.

### FIRST CAUSE OF ACTION-CLASS CLAIM

40. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-39 of this Complaint.

41. Exhibit A sets forth the following in the body of the letter: "As of the date of this letter, you owe the outstanding balance of $25,915.59".

42. The bottom of Exhibit A contains three payment coupons each of which set forth the following: "Balance Due as of October 11, 2017: $25,915.59"

43. If on the date of Exhibit A CACH was not accruing interest, late charges, and/or other charges on the aforementioned $25,915.59 set forth in Exhibit A, then Defendants violated 15 USC § 1692g(a)(1), 15 USC § 1692e, and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth that Heaton owed $25,915.59 "as of the date of this letter" or "as of October 11, 2017".

## SECOND CAUSE OF ACTION-CLASS CLAIM

44. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-39 of this Complaint.

45. Exhibit A sets forth the following in the body of the letter: "As of the date of this letter, you owe the outstanding balance of $25,915.59".

46. The bottom of Exhibit A contains three payment coupons each of which set forth the following: "Balance Due as of October 11, 2017: $25,915.59"

47. Upon information and belief, CACH continued to accrue interest, late charges, and/or other charges on the $25,915.59 set forth in Exhibit A.

48. However, Exhibit A did not explain that interest, late charges, and other charges were accruing, did not explain the basis for the accrual of any interest, late charges, and other charges, and did not set forth what Campo would need to pay to resolve the debt at any given moment in the future.

49. For the above reasons, as a result of the aforementioned omissions from Exhibit A, Defendants violated 15 USC § 1692g(a)(1) and/or 15 USC § 1692e as a result of FRS sending Exhibit A to Heaton.

### THIRD CAUSE OF ACTION-CLASS CLAIM

50. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-39 of this Complaint.

51. Exhibit A sets forth the following in the body of the letter: "As of the date of this letter, you owe the outstanding balance of $25,915.59".

52. The bottom of Exhibit A contains three payment coupons each of which set forth the following: "Balance Due as of October 11, 2017: $25,915.59"

53. Describing the "Balance" as being "as of the date of this letter" or as of a particular date in and of itself fails to set forth the amount of the debt as required by 15 USC § 1692g(a)(1) and amounts to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and/or 15 USC 1692e(10).

### FOURTH CAUSE OF ACTION-CLASS CLAIM

54. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-39 of this Complaint.

55. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

### FIFTH CAUSE OF ACTION-CLASS CLAIM

56. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-39 of this Complaint.

57. Defendants violated 15 USC 1692g as a result of FRS sending Exhibit A to Heaton.

## CLASS ALLEGATIONS

58. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

59. The classes consist of (a) all natural persons (b) who received a letter from FRS on behalf of CACH dated between October 11, 2017 and the present (c) to collect on a consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

60. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

61. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

62. The predominant common questions are whether Defendants' letters and debt collection lawsuits violate the FDCPA.

63. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

64. A class action is the superior means of adjudicating this dispute.

65. Individual cases are not economically feasible.

   **WHEREFORE**, Plaintiff requests the following relief:

   1. A Judgment against Defendants in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

      2. Any and all other relief deemed just and warranted by this court.

Dated:     October 10, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107